# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| C.A.B. (XXX-XX-9247) | CIVIL ACTION NO. 08-cv-0508 |
| VERSUS | |
| MICHAEL J. ASTRUE, U.S. COMMISSIONER SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

**Introduction**

Plaintiff was born in 1962 and earned a B.A. in art education. She has past relevant work as a daycare director and teacher, packer/mover, cashier, donut maker, and retail department manager. She applied for disability benefits based primarily on problems related to degenerative disc disease and mental health.

ALJ Leslie John Rodriguez conducted a hearing and issued a written decision that denied Plaintiff's claim. The ALJ found that Plaintiff had severe impairments in the form of bipolar mood disorder type one, in partial early remission, and degenerative disc disease of the cervical spine. Plaintiff reported that she had auditory and visual hallucinations, such as hearing music, seeing her father walking through the house, and seeing shapes/shadows of animals roaming around her house.

The ALJ reviewed the medical evidence and testimony and determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, except for no lifting

or carrying above shoulder level, but with carrying side to side on a flat surface. The RFC was further reduced by moderate limitations in the ability to maintain attention and concentration for extended periods, deal with the public, or set goals independently of others. That RFC did not allow Plaintiff to perform any of her past relevant work, but a vocational expert ("VE") identified jobs such as telephone quotation clerk and telephone charge account clerk that Plaintiff could perform. Based on the VE's testimony, the ALJ found that Plaintiff was not disabled.

The Appeals Council denied a request for review. Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be reversed, and the case will be remanded to the agency for further proceedings.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there

are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

Plaintiff raises a single issue on appeal. She argues that the ALJ failed to take into account evidence that her medication caused the side effect of drowsiness. The regulations require the Commissioner to consider the "type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [the claimant's] pain or other symptoms." 20 C.F.R. § 404.1529(c)(3)(IV). See Crowley v. Apfel, 197 F.3d 194, 199 (5th Cir. 1999). Limitations caused by side effects must be taken into consideration when determining whether a claimant is disabled.

Plaintiff listed her medications in forms that she completed in connection with her application for benefits. The forms asked the claimant to identify any side effects caused by the medications. Plaintiff noted on one form that a medication she takes for anxiety attacks "puts me to sleep." On the same form, she wrote that her pain medication "makes me sleepy" so that she could not drive, and it sometimes caused her to be dizzy. Tr. 63 and 87. Plaintiff wrote on another form, "my pain medication makes me sleepy." She went on to write that she does not go anywhere when she takes her medicine.

Plaintiff's attorney stated at the hearing that Plaintiff was taking 13 medications. Plaintiff testified that a good day for her "is when I don't sleep as much." She also stated, however, that she was sleeping okay as long as she takes her medicine. The ALJ asked

Plaintiff if any of her medications caused side effects, and Plaintiff identified weight gain and sleepiness. Plaintiff said that she gets up about 8:00 o'clock each morning, watches a television program, and goes back to bed. She watches television again from about 3:00 o'clock in the afternoon until after the afternoon weather report, and then she goes "back to bed until it is time to go to bed, if that makes sense."

In response to questions from her attorney, Plaintiff testified that she would have to rest at least three hours of an eight-hour day. She estimated that she is currently in bed six to seven hours each day. She also responded affirmatively to a question as to whether she would need to take frequent rest periods, up to 15 or 20 minutes each hour. The VE testified that the jobs he identified would be eliminated if Plaintiff had to miss work at least one day a week, had to lie down at least three hours of each eight-hour workday, or needed 15 to 20 minute breaks each hour. Tr. 306-335.

The ALJ, in the portion of his decision where he summarized Plaintiff's testimony, noted that Plaintiff "stated her medication caused her to gain weight and feel sleepy." Tr. 14. The ALJ did not directly address the drowsiness side effect claim again, except through implication at step five. He wrote that Plaintiff's attorney argued there would be no jobs available if Plaintiff had to miss one day a week, lie down three hours a day, or take additional breaks. The ALJ allowed that those limitations would be disabling, but "these limitations were simply not borne out of the medical evidence." Tr. 24. That was the extent of the (perhaps implied) discussion of the drowsiness side effect issue.

ALJ's are not held to a standard of procedural perfection, and courts should be reluctant to reverse decisions based on the omission of a specific discussion in the decision about an issue if that issue is not potentially significant or the claimant has not adequately brought the issue to the attention of the ALJ. In this case, however, the court believes the issue was factually developed and presented in an adequate fashion, and the issue has enough potential significance to require that it be addressed by the agency.

The court should not decide in the first instance an issue such as the credibility or medical support for a claim of drowsiness. Rather, it should permit the agency to make credibility calls and fully analyze the issue, with the benefit of additional medical evidence if deemed necessary or beneficial. If the claim is found to be persuasive and of sufficient degree to impose limitations beyond those in the current RFC, the agency can look to a VE or other evidence or resources to readdress the step-five issue. If Plaintiff is again denied benefits, she may then ask the court to perform its proper role of reviewing the agency decision under its limited standard of review.

The ALJ's decision at best implied a rejection of the credibility of the claim of drowsiness, but there was not substantial compliance with the two-step process for assessing credibility that is described in Social Security Ruling 96-7p. This court and the Fifth Circuit have affirmed decisions even when a credibility assessment does not fully comply with the process, so long as there was substantial compliance with the regulations and an adequate discussion of the reasons for the assessment to permit meaningful court review. See Undheim

v. Barnhart, 2007 WL 178062 (5th Cir. 2007) ("An ALJ is not required to follow formalistic rules when articulating the reasons for his credibility determination"). But reversal has been ordered when an ALJ did not make a proper credibility assessment with regard to testimony about a critical limitation or symptom that was not otherwise adequately addressed in the ALJ's decision. See Moore v. Barnhart, 05 CV 0696 (W.D. La.).

The absence of a more direct or express resolution of the drowsiness claim, for which a reasonable amount of direct evidence was presented, deprives the agency decision of substantial evidence to support it and precludes an informed appellate review. There is not an adequate discussion of a credibility assessment with respect to this issue, if one was made, to permit the court to meaningfully review it. The proper remedy is to reverse the decision to deny benefits and remand the case pursuant to sentence four of Section 405(g). On remand, Plaintiff, her counsel and the agency may further explore the drowsiness issue, as well as any other relevant matters. See 20 C.F.R. § 404.983 (following a federal court remand, "[a]ny issues relating to your claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in your case."). A judgment will be entered in accordance with this ruling.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 24th day of September, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE